LA ROQUE, *et al. v.* DAVIS.

Upon deciding whether a complainant may be allowed to file a replication after the ordinary time is passed, the court will not look into the pleadings to see what equity the complainant has. It will grant it or not upon the merits of the application merely.

The complainant's counsel applied for leave to file a replication, notwithstanding the cause had been noticed upon bill and answer by the defendant. It appeared, as an excuse for not filing it before, that the solicitor for the complainant had been unwell.

An objection was raised, not on account of *laches*, but because there really were no merits in the bill and likewise that it was a case of hardship on the part of a family who were distressed from the fact of an injunction having been issued.

THE VICE-CHANCELLOR, however, considered he could not look into the merits of the cause on a motion of this kind, nor take notice of the suggested distress of any parties. This was a case, he said, where creditors were seeking for satisfaction of their just demands and if they were entitled to the property which had been enjoined all considerations of hardship upon the defendants must be laid aside.

The complainants had leave to file a replication within ten days, upon paying the defendant's costs of putting the cause upon the calendar and of opposing this motion. But, inasmuch as the defendants suggested they might find it necessary to file a supplemental answer, the court gave them the liberty of doing so within six days and, in that event, each party to bear his own costs.

*July 9. 1836.*

*Practice. Leave to file replication after cause noticed.*